IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD SATISH EMRIT          *
NICOLE ROCIO LEAL-MENDEZ

                                    *

Plaintiffs

                                    *

v                                                 Civil Action No. PWG-13-803

                                    *

CHEAP-O-AIR and
HOTEL ALISIOS BAVARO          *

Defendants                    *
                                  ***

## MEMORANDUM OPINION

The above-captioned case was filed on March 15, 2013, together with a Motion to Proceed in Forma Pauperis. Because they appear to be indigent,[1] Plaintiffs' Motion to Proceed in Forma Pauperis is hereby GRANTED. However, for the reasons that follow herein, the Complaint is hereby DISMISSED for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

Plaintiffs allege that on an unspecified date they travelled to Punta Cana, Dominican Republic. Plaintiff Ronald Emrit states he believes that he was robbed at an ATM machine when a man, who offered to give him a ride on a motorcycle for free, made him step aside from the machine and made three withdrawals from his account and then demanded additional payment from him so that Plaintiff Nicole Mendez would not find out. Emrit states he was then taken to a souvenir shop by the same man where Emrit and Mendez were harassed into buying souvenirs they did not want. Emrit claims he told the security guard at the hotel about the ordeal and said he wanted to talk to the American Embassy or Consulate, but his requests were ignored. ECF

---

[1] Both Plaintiffs collect social security disability benefits.

No. 1 at p. 2. The only Defendants named are the airline on which Plaintiffs travelled to the Dominican Republic and the hotel where they presumably stayed.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). *See Velencia v. Drezhlo*, Civil No.: RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (discussing standard from *Iqbal* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

Here, there is no allegation of wrongdoing against Defendant Cheap-O-Air. Thus, the Complaint fails to state a claim upon which relief may be granted with respect to this Defendant. Additionally, the facts alleged in the Complaint also fail to state a claim for which relief can be granted against Defendant Hotel Alisios Bavaro. The only alleged wrongful act by an employee of the hotel is the failure by the hotel security guard to assist Plaintiffs in locating the Embassy or the police, but that failure is not actionable absent an affirmative duty to act. Plaintiffs have not alleged facts sufficient to discern if an affirmative duty to act existed, nor are the allegations sufficient to provide Defendants fair notice for the basis of the claims against them. A pleading must give the court and the defendant "fair notice of what that plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs have failed to plead facts sufficient to state a claim for which relief can be granted against either named Defendant. In any event, none of the acts alleged occurred in this jurisdiction.

Accordingly, by separate Order which follows, the Complaint shall be dismissed.

_____                    _____ 4/1/13

Date                                        Paul W. Grimm
                                            United States District Judge